UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brien O. Hill,<br><br>Plaintiff,<br><br>v.<br><br>Associates for Renewal in Education, Inc.,<br><br>Defendant. | Civil Action No. 12-0823 (JDB) |

MEMORANDUM OPINION

By Order of October 16, 2012, the Court granted defendant Associates for Renewal in Education, Inc.'s motion to dismiss plaintiff's claim brought under the Family Medical Leave Act and directed defendant to respond within 20 days to the remaining claim brought under the Americans with Disabilities Act ("ADA"). Mem. Op. and Order [Dkt. # 7]. Defendant failed to comply and the Clerk entered a Default [Dkt. # 18]. The Court subsequently learned that the law license of defendant's counsel had been suspended and, thus, directed defendant to appear through licensed counsel and explain why it is not in default. *See* Order (Feb. 1, 2013). After defendant failed to comply with the show cause order, the Court granted plaintiff's motion for a default judgment and scheduled a hearing on damages on March 18, 2013. Order (Feb. 26, 2013). A default judgment was not entered on the docket.

On March 15, 2013, defendant's counsel, having had his license reinstated, entered his appearance for defendant [Dkt. # 20] and filed a motion to vacate the default and to hold the damages hearing in abeyance [Dkt. # 21]. Plaintiff has filed an opposition styled as a motion to dismiss defendant's motion [Dkt. # 25]. Upon consideration of the parties' submissions, the

1

Court will grant defendant's motion to vacate, deny plaintiff's motion, and direct the parties to confer and file a joint report in accordance with Local Civil Rule 16.3 with respect to the surviving ADA claim.

Rule 55(c) of the Federal Rules of Civil Procedure provides that an entry of default can be vacated for "good cause."[1] The D.C. Circuit and several other circuits have applied a three-part balancing test to assess whether good cause has been met. "Though the decision lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980). Given the Court's strong preference for deciding cases on their merits, all doubts are resolved in favor of the party seeking relief from the default. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *see Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995) (use of the court's inherent power to dispose of cases orderly and expeditiously "should reflect our judicial system's strong presumption in favor of adjudications on the merits") (citing cases).

**1. Willfulness**

"Willfulness is not a bright line test. While a court need not find that a defaulting party has acted in bad faith in order to establish willfulness, it must conclude that the party's conduct demonstrates more than mere negligence." *Wilson v. Superclub Ibiza*, 279 F.R.D. 176, 179 (D.D.C. 2012) (citation omitted). As the Court noted in its February 1, 2013, Order, "nothing in the docket reflect[ed] or indicat[ed] that the defendant [was] aware of the Court's ruling and

---

[1] Since a default judgment has not been entered, the Court need not also consider defendant's motion under Rule 60(b), applicable to vacating a judgment. *See Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393 (D.D.C. 2005) ("[I]n this circuit[,] courts grant vacatur of default [under Rule 55(c)] more freely than vacatur of default judgment [under Rule 60(b)]") (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)) (a "default can be set aside under rule 55(c) for 'good cause shown,' but a default that has become final as a judgment can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders").

prior orders," since the Clerk would have served those orders on defendant's suspended counsel through the electronic case filing system.  That supposition is further supported by the Clerk's entry of February 8, 2013, which notes that a certified mailing to defendant's counsel containing paper copies of the Court's October 16, 2012, ruling, the show cause order, and plaintiff's motion for default judgment was returned to the Court as "undeliverable" [Dkt. # 14]. Defendant's President and CEO has set forth her "immediate[]" efforts to obtain a licensed attorney after receiving the show cause order.  Def.'s Mot., Aff. of Dayna Nokes-Minor ¶¶ 4-7; *see Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 38 (D.D.C. 2007) ("any artificial entity, whether a corporation, partnership or association, cannot proceed in federal court without counsel)."  Since, as Ms. Nokes-Minor indicates, the defendant organization had few options and acted in a reasonably timely manner after becoming aware of the default, the Court does not find defendant's default to have been willful.

   **2. Meritorious Defense**

"In determining whether a defendant has a meritorious defense . . .[,] [t]he test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true."  *Wilson*, 279 F.R.D. at 179 (citation and internal quotation marks omitted).  Defendant has accompanied its motion to vacate with an Answer and Affirmative Defenses, in which it claims, among other defenses, that plaintiff has failed to state a claim upon which relief can be granted and that "[w]hile employed at ARE, the Plaintiff made no claim for an accommodation under the ADA or any other statute or order."  Ans. [Dkt. # 21-1] at 3.  "[A] defense is sufficient if it contains 'even a hint of a suggestion' which, proven at trial,

would constitute a complete defense[.]" *Wilson*, 279 F.R.D. at 180 (quoting *Keegel*, 627 F.2d at 374). Hence, the Court determines that defendant has presented a potentially meritorious defense to the ADA claim.

### 3. Prejudice

In his opposition to defendant's motion, plaintiff reargues the obvious fact that defendant is late in responding to the complaint, but delay alone does not constitute prejudice. *Id*.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to vacate the entry of default and will deny plaintiff's motion to deny defendant's motion to vacate. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: April 19, 2013